

**DEFENDANT'S EXHIBIT**

**A**



65 East State Street, Suite 1000 / Columbus, Ohio 43215-4213
Tel: 614.221.2838 / Fax: 614.221.2007
www.taftlaw.com

DAVID H. THOMAS
614-334-6199
dthomas@taftlaw.com

April 2, 2020

**VIA ELECTRONIC MAIL**

Kevin Kelley and Noah Litton
Assistant United States Attorneys
Office of the United States Attorney for the Southern District of Ohio
303 Marconi Boulevard, Suite 200
Columbus, OH  43215

Re:    United States of America v. Whitney R. Lancaster – 2:20 CR 62 (2)

Dear Kevin and Noah:

We are writing pursuant to Federal Rule of Criminal Procedure 16 and other applicable authority, to request discovery in the above-captioned matter. This request includes, but is not limited to, the following information:

1) **Defendant's Oral Statements.** Please produce the substance of any and all oral statements made by Defendant whether before or after interrogation by any person then known by Defendant to be a Government agent that the Government intends to use at trial regardless of whether the statement is recorded. This request includes the substance of Defendant's response to *Miranda* warnings.  See *United States v. McElroy*, 697 F.2d 459, 465 (2nd Cir. 1982).

This request also includes any agent's summary of Defendant's statement in a report and/or rough notes if they include Defendant's statement.  See *United States v. Johnson*, 525 F.2d 999 (2nd Cir.) cert. denied, 424 U.S. 920 (1976).  This request is not limited to statements which the Government intends to introduce at trial and includes any statement the Government may use as impeachment.

Kevin Kelley and Noah Litton
April 2, 2020
Page 2

2) **Defendant's Written or Recorded Statement.** Please disclose all of the following:

   a) Any written or recorded statement by Defendant within the Government's possession, custody or control, or which through due diligence the Government could know the existence of.

   b) Portions of any written record containing the substance of any oral statement made before or after arrest, including statements made in response to interrogation by a person Defendant knew was a Government agent.

   c) Any oral statement to any law enforcement officer or agent which the Government intends to use at trial but which has not been reduced to writing. If such a statement is found to exist, it is requested that you cause it to be reduced to writing and produced.

   d) Defendant's recorded testimony before a grand jury relating to the charged offense.

3) **Defendant's Prior Record.** Please produce Defendant's prior criminal record, including all matters known to or reasonably discoverable by the Government which may affect the criminal history score under the United States Sentencing Guidelines. This request includes Defendant's entire criminal record, including all offenses regardless of the severity.

4) **Documents and Objects.** Please disclose all documents and tangible objects, and permit the defense to inspect, copy and photograph books, papers, documents, tape recordings of conversations, photographs and tangible objects, buildings or places or copies or portions thereof in the custody and control of the Government which are material to the preparation of the defense or are intended for use by the Government as evidence in its case-in-chief at trial or was obtained from or belongs to Defendant.

5) **Report of Examinations and Tests.** Please disclose reports of examinations and tests, and permit the defense to inspect and copy or photograph any results or reports of scientific tests or experiments made in connection with the instant case that are material in preparing a defense or that the Government intends to use in its case-in-chief at trial.

6) **Expert Witnesses.** Please produce written summaries of any testimony that the Government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial or on the issue of Defendant's mental condition. All summaries should describe the witnesses' opinions, the basis and reasons for those opinions, and the witnesses' qualifications.

Kevin Kelley and Noah Litton
April 2, 2020
Page 3

7) **Search and Seizure and Electronic, Physical and Other Surveillance.** As a predicate to the filing of motions pursuant to Rule 12 of the Federal Rules of Criminal Procedure, Defendant requests that Defendant be informed:

   a) Whether any evidence in the Government's possession, custody or control, whether intended to be used at trial or not, was acquired by search and seizure, and a description of all such evidence.

   b) Whether any evidence in the Government's possession, custody or control, whether intended to be used at trial or not, was obtained through or derived from any electronic or mechanical surveillance, audio, or video tapes, wiretaps, eavesdropping, and/or pen registers, and a description of any such evidence, including but not limited to summaries and/or hand written logs thereof.

8) **Summaries.**  Pursuant to Rule 1006, Federal Rules of Evidence, Defendant requests that he be advised whether the Government will seek to offer any chart, summary or calculation in evidence and that all writings, recordings, or other information on which such charts, summaries or calculations are based be made available for inspection and copying.

9) **Rule 12(b)(4) Notice.** Defendant requests notice of the Government's intention to use in evidence-in-chief at trial any evidence which Defendant may be entitled to discover under Rule 16.

10) **Crimes, Wrongs or Other Acts Evidence -- Rule 404(b).**  Defendant requests notice of the nature of any "other acts" evidence which the Government intends to use at trial in its case-in-chief or in rebuttal, together with any documents or tangible objects which the Government intends to introduce in evidence in connection with such evidence; any documents material to the preparation of the defense in opposition to said other offense evidence; and, any written or oral statement made by Defendant relevant to said evidence.

11) **Witness Prior Statements.** Disclosure of all Government witnesses' prior statements.

12) **Evidence Favorable to Defendant.** The disclosure of all evidence, known or which may become known to the Government, favorable to Defendant and material either to guilt or punishment.  This request includes, but is not limited to, the following:

   a) Criminal records of all Government witnesses.

   b) Witness statements favorable to Defendant, including prior contrary and/or inconsistent statements of any Government witness.

Kevin Kelley and Noah Litton
April 2, 2020
Page 4

c) Promises of immunity, plea bargains, or any other consideration given to any Government witness.

d) *Giglio* materials.  Defendant requests, pursuant to *Giglio v. United States*, 405 U.S. 150 (1972) and its progeny that the Government produces any information known or reasonably discoverable by the Government which might bear unfavorably upon the credibility of any witnesses expected to be called to testify by the Government at trial.  Such information should include, but not be limited to: (a) witness's prior criminal record to include pending cases; (b) any known instance of the witness having made a false statement to a law enforcement officer either before or after arrest in the instant case, or while under oath; (c) any direct or implied promises of benefit or leniency in whatever form, known to have been made with respect to this or any other case; (d) information, in any form, related to the length and extent of the witness' addiction to narcotic drugs; and (e) the name and address of any person(s) known to the Government to whom the witness has made statements concerning the subjects of the indictment, which statements were inconsistent with statements made by the witness to law enforcement officers.

e) Any information that any Government witness is or has been an informant for the Government or any law enforcement agency as well as the disclosure of any and all consideration given, or promises made, to the witness in return for his/her work as an informant or in return for his/her testimony or assistance in the investigation in this matter.

f) Disclosure of the existence of witnesses favorable to Defendant.

g) Any information which shows the bias, motive to lie or exaggerate testimony, or any other credibility concerns with any Government witness.

h) The disclosure of all information which would permit Defendant to challenge the thoroughness, methods, reliability, and good faith of the investigation of this case.

i) The disclosure of all negative exculpatory statements of informed witnesses that do not mention Defendant.

j) Information indicating that Defendant has accepted responsibility for the offense conduct in this case.

k) Information indicating that Defendant has provided substantial assistance to authorities.

l) Information indicating that Defendant was a minor or minimal participant in the offense activity.

Kevin Kelley and Noah Litton
April 2, 2020
Page 5


m) Information indicating that Defendant acted under duress or coercion, although not rising to a complete defense.

n) Information indicating that Defendant suffered from diminished capacity or any other mental or emotional condition at the time of the offense.

o) Information indicating that the counts of the indictment should be grouped.

Please advise all investigating officers in this case that they should not initiate any contact with our client, and that any communication intended for our client shall be made through us.  All Government agents should be further directed to preserve all of their rough notes.

Please also forward any other information that would bear upon an understanding or computation of the following sentencing and guideline factors: base offense levels, specific offense characteristics, relevant conduct, adjustments, criminal history, offender characteristics, plea agreements, departures, probation, and supervised release.

Please send the above-requested discovery as soon as possible, and/or notify us if other arrangements need be made.  With respect to the inspection of physical evidence, please advise when such evidence is available so that arrangements may be made to inspect it.  This discovery request is a continuing request.

Thank you for your courtesy in this matter.

Sincerely,

David H. Thomas
Partner

Kathryn S. Wallrabenstein
Associate Attorney