UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                            Case No. 2:20-cr-62
                                            JUDGE SARAH D. MORRISON

STEVEN G. ROSSER,
WHITNEY R. LANCASTER,

        Defendants.

## ORDER

This matter comes before the Court for consideration of the Joint Motion to Continue Trial and Extend Time to File (ECF No. 34) with respect to the final pre-trial currently scheduled for March 1, 2021 and the jury trial currently scheduled for March 8, 2021. In this motion, Defendant seeks a continuance based upon needing more time to review all the discovery materials and provide effective representation for each Defendant. The Court finds the motion well taken and concludes that the ends of justice served by granting the requested continuance outweigh the best interest of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A).

"The Speedy Trial Act of 1974 provides, *inter alia*, that in 'any case in which a plea of not guilty is entered, the trial . . . shall commence within seventy days' after the arraignment, 18 U.S.C. § 3161(c)(l), but lists a number of exclusions from the 70-day period . . . ." *U S. v. Tinklenberg*, 563 U.S. 647, syllabus (2011). A court may set a trial date outside the Speedy Trial Act's 70-day rule "if the judge grant[s] such continuance on the basis of h[er] findings that the ends of justice served by taking such action outweigh the best interest of the public and the

1

defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). When granting such a continuance, a court may consider a number of factors including whether failure to grant a continuance would "result in a miscarriage of justice" or whether the "failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. . . ." 18 U.S.C. § 3161(h)(7)(B)(i) and (iv).

Defendant's counsel seeks a continuance based on needing more time to review all the discovery materials and provide effective representation for each Defendant. The Government does not oppose the continuance. Therefore, the Court will set a trial date outside the Speedy Trial Act's 70-day rule, because "the ends of justice served by [taking such action] outweigh the best interest of the public and the defendant[s] in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).

Consequently, the Court sets forth the following findings:

> (1) The Court is available to try this case on March 8, 2021, beginning at 9:00 a.m.
> (2) Defendant seeks a continuance based upon needing more time to review all the discovery materials and provide effective representation for each Defendant.
> (3) The failure to grant the requested continuance would likely result in a miscarriage of justice in this case. 18 U.S.C. § 3161(h)(7)(B)(i).
> (4) The failure to grant the requested continuance would deny the parties reasonable time necessary for effective preparations, taking into account the exercise of due diligence. 18 U.S.C. § 3161(h)(7)(B)(iv).
> (5) The delay occasioned by the continuance is properly excluded from the time limits of the Speedy Trial Act.

Given the enumerated findings, the Court **GRANTS** the Joint Unopposed Motion to Continue Trial and Motions Deadline. The Court hereby establishes the following trial schedule:

All Pretrial Motions, including motions *in limine*, shall be filed on or before **July 21, 2021**. Motions may not exceed ten (10) pages.
Joint Jury Instructions, with objections, the grounds therefore and alternative language clearly marked, shall be filed on or before **August 4, 2021**. A copy shall also be e-mailed to Amy_Vogel@ohsd.uscourts.gov in Word format with all counsel copied on the e-mail.
Responses to all Pretrial Motions shall be filed on or before **July 28, 2021**.
Responses are limited to ten (10) pages.
No reply memoranda are permitted without leave of court.
Final Pretrial Conference is rescheduled for **August 16, 2021 at 1:30 p.m**.
Jury Trial is rescheduled for **August 23, 2021 at 9:00 a.m. in Courtroom #132**.

 

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**