IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | CASE NO. 2:20-cr-62 (2) |
| vs. | : | JUDGE MORRISON |
| WHITNEY R. LANCASTER, | : | Evidentiary hearing requested |
| Defendant. | : | |

**MOTION IN LIMINE TO EXCLUDE EVIDENCE**

Defendant Whitney Lancaster, by and through undersigned counsel, respectfully moves this Court in limine for an Order prohibiting the introduction at trial of allegations pertaining to the arrest of pornographic actress and stripper Stephanie Gregory Clifford (aka "Stormy Daniels"). Admission of these allegations would violate Rules 402, 403, and 404 of the Federal Rules of Evidence. Defendant Lancaster requests an evidentiary hearing on this matter. The reasons in support of this Motion are set forth in the following Memorandum.

Respectfully submitted,
**Taft Stettinius & Hollister LLP**

**/s/ David H. Thomas**
DAVID H. THOMAS
Ohio Supreme Court No. 0071492
P: (614) 334-6199
dthomas@taftlaw.com

**/s/ Kathryn S. Wallrabenstein**
KATHRYN S. WALLRABENSTEIN
Ohio Supreme Court No. 0092172
65 East State Street, Suite 1000
Columbus, Ohio 43215
P: (614) 220-0238
F: (614) 221-2007
kwallrabenstein@taftlaw.com

**MEMORANDUM**

A federal Grand Jury indicted Defendants Steven Rosser and Whitney Lancaster (collectively, "Defendants") on March 25, 2020. Defendant Steven Rosser is charged in Count One with Conspiracy to Violate Another Person's Civil Rights in violation of 18 USC § 241. Both Defendants are charged in Count Two with Conspiracy to Violate Another Person's Civil Rights in violation of 18 USC § 241 and in Count Three with Conspiracy to Commit Wire Fraud in violation of 18 USC § 1349. (Doc. 5, Indictment). All three conspiracy charges set forth in the Indictment also purportedly involved an unspecified number of unindicted co-conspirators "both known and unknown to the grand jury." (Doc. 5, Indictment, pgs. 2, 5, 9). Importantly, none of the charges pertain to the arrest and citation of Stephanie Gregory Clifford (aka "Stormy Daniels").

Ms. Clifford, known by her stage name Stormy Daniels, is a stripper and pornographic actress who garnered national media attention based on her connection to Donald Trump. Donald Trump engaged in an extramarital sexual affair with Ms. Clifford in 2006. Days before the November 2016 election, Ms. Clifford received $130,000 in hush money from Michael Cohen, the then-personal lawyer of Donald Trump, in exchange for her silence about her sexual encounter with Donald Trump. The Wall Street Journal began reporting on the hush money payment in January 2018. Michael Rothfeld and Joe Palazzolo, *Trump Lawyer Arranged $130,000 Payment for Adult-Film Star's Silence*, The Wall Street Journal (Archived, January 12, 2018), https://archive.ph/20180114185600/https://www.wsj.com/articles/trump-lawyer-arranged-130-000-payment-for-adult-film-stars-silence-1515787678. In August 2018, Mr. Cohen pled guilty to five counts of tax evasion, one count of making false statements to a financial institution, one count of willfully causing an unlawful corporate contribution, and one count of making an excessive campaign contribution (the hush money to Ms. Clifford) at the request of a candidate (Donald

Trump) for the principal purpose of influencing the election. Nicole Hong, Rebecca Ballhaus, Rebecca Davis O'Brien, and Joe Palazzolo, *Michael Cohen Pleads Guilty, Says Trump Told Him to Pay Off Women*, The Wall Street Journal (Archived, August 21, 2018), https://www.wsj.com/articles/michael-cohen-to-plead-guilty-to-criminal-charges-1534875978. Mr. Cohen remains in the custody of the Federal Bureau of Prisons. Federal Bureau of Prisons, Inmate Tracker, available at https://www.bop.gov/inmateloc/.

Widespread national media attention focused on the Clifford/Trump affair and related scandals throughout 2018. During this timeframe, Ms. Clifford came to Columbus, Ohio to perform at a strip club. On July 12, 2018, undercover CPD Vice officers arrested Ms. Clifford and other adult entertainers. The Columbus City Attorney later dismissed these charges and opined local police should not enforce the "legally problematic law." Jessie Balmert, *Stormy Daniels: Columbus arrest was improper but not motivated by politics, internal investigation finds*, Cincinnati Enquirer (March 8, 2019), https://www.cincinnati.com/story/news/politics/2019/03/08/investigation-concludes-stormy-daniels-arrest-not-politically-motivated/3106938002/.

Now-disbarred attorney Michael Avenatti, who will soon begin to serve a federal prison sentence, filed a civil complaint on Ms. Clifford's behalf in this Court alleging Defendants Rosser and Lancaster and other individuals violated the Civil Rights Act of 1871, 42 U.S.C. § 1983. (Doc. 1, Complaint, 2:19-cv-119). The Complaint alleges, in part, that Ms. Clifford's arrest was politically motivated. The Complaint specifically states, "Defendant Rosser is a known Republican supporter of President Trump," and identifies other CPD officers named as defendants in the lawsuit who were registered Republicans. The Complaint does not explicitly state any direct connection of Defendant Lancaster to the Republican Party or Donald Trump, but does generally

assert all of the officers named as defendants "were avowed supporters of President Trump." *Id.*, at 5.

Defendant Lancaster is before the Court requesting an Order *in limine* prohibiting the introduction of testimony and evidence pertaining to the arrest and citation of Stephanie Gregory Clifford at trial. The allegations surrounding Ms. Clifford's arrest and citation are irrelevant and inadmissible pursuant to Rule 402 of the Federal Rules of Evidence. FED. R. EVID. 402. As this Court is aware, relevant evidence is evidence having "any tendency to make a fact more or less probable than it would be without the evidence." FED. R. EVID. 401. In the instant case, there is no indication that Ms. Clifford's arrest and citation will make any fact of the charges currently pending against Defendants more or less likely. Accordingly, the materials are irrelevant and inadmissible.

Furthermore, even if the materials were relevant, any probative value that they possess is substantially outweighed by the danger of unfair prejudice to Defendant Lancaster. FED. R. EVID. 403. The application of Rule 403 is a three step process. First, this Court must determine the probative value of the proffered evidence. Here, there is no probative value. The evidence does not relate to any of the charges set forth in the indictment. Even assuming, *arguendo*, there is probative value, the second step of the analysis is to determine any danger of unfair prejudice, confusing the issues, wasting time, and/or of misleading the jury. Here, those dangers are profound. Donald Trump and the Trump/Clifford affair are polarizing topics. While Ms. Clifford's arrest is not at issue in any of the charges set forth in the Indictment, jurors are likely to confuse the issues and believe that such information somehow indicates the Defendants are prone to making arrests in violation of individuals' civil rights, and that therefore Defendants committed the charged civil rights violations. Further, the implication that Defendant Lancaster is a

4

Republican and supporter of Donald Trump is of no probative value but will likely lead jurors to have their passions inflamed. Any arguable probative value is therefore substantially outweighed by the danger of unfair prejudice, confusion of the issues, wasting time, and misleading the jury, and the evidence should be excluded.

Finally, this testimony and evidence amounts to impermissible character evidence under Rule 404(b) of the Federal Rules of Evidence. This rule states, "evidence of any crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." FED. R. EVID. 404(b)(1). None of the exceptions set forth in 404(b)(2) apply. Thus, the arrest and citation of Ms. Clifford is impermissible character evidence of another purported bad act by Defendants and is inadmissible under Rule 404(b).

## CONCLUSION

The evidence and testimony pertaining to Ms. Clifford's arrest and now-dismissed citation is inadmissible. The information is not relevant, as it does not have a tendency to make the existence of any consequential fact more or less probable. Additionally, the Government has not charged Defendants with any violation of Ms. Clifford's civil rights. Furthermore, any probative value of this information is substantially outweighed by the danger of unfair prejudice, confusion of the issues, wasting time, and/or of misleading the jury. Accordingly, Defendant Lancaster respectfully moves this Court for an Order *in limine* prohibiting the introduction of any such evidence or testimony at trial. An evidentiary hearing is requested to ensure the parties have an opportunity to present evidence and arguments pertaining to this issue in advance of trial.

        Respectfully submitted,
**Taft Stettinius & Hollister LLP**

**/s/ David H. Thomas**
DAVID H. THOMAS
Ohio Supreme Court No. 0071492
P: (614) 334-6199
dthomas@taftlaw.com

**/s/ Kathryn S. Wallrabenstein**
KATHRYN S. WALLRABENSTEIN
Ohio Supreme Court No. 0092172
65 East State Street, Suite 1000
Columbus, Ohio 43215
P: (614) 220-0238
F: (614) 221-2007
kwallrabenstein@taftlaw.com

Counsel for Defendant Whitney Lancaster

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing was filed with the Clerk of Court for the United States District Court for the Southern District of Ohio using the CM/ECF system, which will send notification of such filing to the following on October 4, 2021, by electronic mail:

Assistant U.S. Attorneys Kevin Kelley and Noah Litton
303 Marconi Boulevard, Suite 200
Columbus, Ohio 43215

Robert Krapenc
Attorney for Defendant Steven Rosser
150 East Mound Street, Suite 310
Columbus, Ohio 43215

        **/s/ David H. Thomas**
DAVID H. THOMAS

6