# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

v.                                                              Case No. 2:20-cr-62
                                                                   JUDGE SARAH D. MORRISON

**STEVEN G. ROSSER,**
**WHITNEY R. LANCASTER,**

    **Defendants.**

## OPINION AND ORDER

The Court considers this matter pursuant to Defendant Whitney R. Lancaster's Federal Rule of Criminal Procedure 14 Motion to Sever (ECF No. 50) and the Government's Opposition (ECF No. 51) thereto. Pursuant to the following analysis, the Motion and Lancaster's concurrent request for oral hearing are **DENIED**. (ECF No. 50.)

### I. BACKGROUND

The Grand Jury indicted Lancaster and co-Defendant Steven G. Rosser on March 25, 2020. (ECF No. 5.) Count I asserts Rosser Conspired to Violate Another Person's Civil Rights; Count II levels the same charge against both defendants; and Count III asserts both defendants Conspired to Commit Wire Fraud. *Id*.

The Columbus Division of Police ("CPD") formerly employed the Defendants as police officers. *Id*. They each worked in the Vice Unit during their tenure there—

Rosser as a liquor compliance officer/liaison and Lancaster as the nuisance abatement officer. *Id*. Their employment in the Vice Unit partially overlapped.

Count I asserts that in April 2015 Rosser was involved in a physical altercation with "B.A." while Rosser claimed he was on duty. *Id*. Thereafter, Rosser submitted a false Letter of Information and a false Preliminary Investigation Report stating that B.A threated Rosser's life. *Id*. Based upon those documents, B.A. was searched and arrested and spent four days in jail before the criminal complaint was dismissed. *Id*.

Count II asserts that Rosser's April 2018 search of a business resulted in "A.S." being arrested for possession of cocaine. *Id*. The Indictment alleges that Lancaster illegally searched A.S.'s person and car after the cocaine was discovered. According to the Indictment, Lancaster was positioned near the business before and after the arrest. *Id*. The Government alleges Rosser was in frequent contact with Lancaster via cellular phone the day of A.S.'s arrest. *Id*.

Count Three asserts that Rosser and Lancaster worked special duty for a waterpark from January 2018 through May 2018. The Government asserts Rosser was in charge of billing for all CPD officers who did the same. *Id*.  The Indictment asserts Rosser and Lancaster routinely submitted inflated and fraudulent hours in connection with the special duty assignment. *Id*., ¶ 22.

Trial is scheduled for January 24, 2022.

## II. STANDARD OF REVIEW

Rule 8(a) of the Federal Rules of Criminal Procedure states the "indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged—whether felonies or misdemeanors or both—are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Similarly, Fed. R. Crim. P. 8(b) permits multiple defendants to be indicted together so long as "[e]ach of the counts of the indictment arises out of the same act or transaction or series of acts or transactions . . . ." *United States v. Hatcher*, 680 F.2d 438, 441 (6th Cir. 2003). Lancaster concedes indictment joinder was proper. Thus, Federal Rule of Criminal Procedure 14 becomes applicable. *United States v. Lloyd*, 10 F.3d 1197, 1215 (6th Cir. 1993) (holding "Rule 14 comes into play only if joinder was initially proper under Rule 8 but a joint trial would prejudice one or more defendants.").

Rule 14(a) provides that "[i]f the joinder of offenses or defendants in an indictment . . . appears to prejudice a defendant . . ., the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." The Court's discretion to grant a severance is "wide." *United States v. Long*, 190 F.3d 471, 476 (6th Cir. 1999). But because joint trials "promote efficiency and serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts," the Supreme Court prefers that matters proceed jointly. *Zafiro v. United States*, 506 U.S. 534, 537, 113 S. Ct. 933, 122 L. Ed. 2d 317 (1993) (internal quotations and citation omitted). Severance under Rule 14(a) is only

3

appropriate when "there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Id*. at 539. Hence, a defendant "'must show compelling, specific, and actual prejudice'" to obtain severance. *United States v. Gardiner*, 463 F.3d 445, 473 (6th Cir. 2006) (quoting *United States v. Saadey*, 393 F.3d 669, 678 (6th Cir. 2005)).

### III. ANALYSIS

Lancaster offers two main reasons as to why severance is necessary: to prevent prejudice to him and to protect his Sixth Amendment right to confront witnesses. Neither is compelling, specific, and actually prejudicial.

### A. Prejudice

#### 1. Transference of Guilt

Lancaster first argues that a joint trial would prejudice him because the jury would improperly infer that Lancaster "knew or should have known" about Rosser's alleged activities forming the basis for Count I, which is solely against Rosser. (ECF No. 50, PageID 137.) This is speculation. Moreover, juries are assumed capable of "sorting out evidence and considering each count and each defendant separately . . . ." *United States v. Swift*, 809 F.2d 320, 323 (6th Cir. 1987) (citation omitted). Nevertheless, to alleviate any potential confusion, the jury instructions will clearly instruct the jury to consider the case against each defendant separately. This ground for severance is unavailing.

4

### 2. Spillover effect

Lancaster secondly asserts severance is required because of the "spillover effect" from Rosser. The spillover effect describes the "risk that a jury will convict a defendant 'not on the basis of evidence relating to [him] but by imputing to [him] guilt based on the activities of the other set of conspirators.'" *United States v. Georges*, No. 2:20-cr-157 (2), 2021 U.S. Dist. LEXIS 79226, at *6 (S.D. Ohio Apr. 26, 2021) (Marbley, C.J.) (quoting *United States v. Gallo*, 763 F.2d 1504, 1526 (6th Cir. 1985)) (quotations and citation omitted).

Lancaster argues that the "extraordinarily limited and seemingly mundane accusations" against him cause "a significant chance of prejudicial spillover effect on him." (ECF No. 50, PageID 141). To be clear, the Court finds nothing mundane about the present charges of conspiracy to violate another's civil rights and conspiracy to commit wire fraud. Regardless, Lancaster's argument goes to the quantity and/or the quality of the Government's evidence as to Rosser. This is an insufficient basis upon which to order severance. *See Gardiner*, 463 F.3d at 473 (citation omitted) (holding severance improper where evidence was greater against some defendants but not others); *see also United States v. Ledbetter*, 137 F. Supp. 3d 1042, 1055 (S.D. Ohio 2015) (Marbley, J.) ("the possibility that a defendant may suffer some disadvantage from being tried with individuals who are more culpable or who more frequently engaged in other criminal activity does not, standing alone, justify separate trials.") (collecting similar cases).

Lancaster next points to the potential of "dozens" of unindicted or separately indicted co-conspirators as proof of the prejudice that would result to him should severance be denied. (ECF No. 50, PageID 141-42.) "The existence of . . . a 'spill-over' or 'guilt transference' effect . . . turns in part on whether the numbers of conspiracies and conspirators involved were too great for the jury to give each defendant the separate and individual consideration of the evidence against him to which he was entitled." *Gallo,* 763 F.2d at 1526 (quotation and citation omitted).

In this case, there are three conspiracies. Lancaster and Rosser are charged with participating in two of those together. Those schemes "are not so numerous as to cause confusion or create a significant risk of prejudice to" Lancaster, especially when Count I allegedly took place three years before joint Counts II and III did. *United States v. Allder*, No. 2:20-cr-0126(6), 2021 U.S. Dist. LEXIS 115931, at *6-7 (S.D. Ohio June 22, 2021) (Marbley, C.J.). The risk of prejudice is further reduced by the fact that there are only three counts and two defendants. *See id.* at *6-7 (finding no spillover effect with two conspiracies, five counts, and three defendants).

Lancaster's final spillover argument is that the Government will likely introduce inflammatory evidence as to Rosser that is inadmissible as to Lancaster. Speculation aside, the Government states it will not introduce evidence as to two categories Lancaster fears—Rosser's special duty work at Fifth Third Bank and Rosser's conduct at a bar called The Goat. (ECF No. 51, PageID 162.) As to the possible introduction of the remainder, "[m]erely because inflammatory evidence is admitted against one defendant, not directly involving another codefendant (and

6

with which the other is not charged) does not, in and of itself, show substantial prejudice in the latter's trial." *Gallo*, 763 F.2d at 1525.

In sum, Lancaster's "generalized concerns that are inherent in joint trials" do not equate to "a specific, compelling showing of actual prejudice." *United States v. Ledbetter*, 929 F.3d 338, 346 (6th Cir. 2019). His Motion for Severance based on transference of guilt and the spillover effect is **DENIED**. (ECF No. 50.)

### B. Sixth Amendment

Lastly, Lancaster argues that his Sixth Amendment right to confront witnesses could be implicated if the Government introduces any statements Rosser made to law enforcement and Rosser declines to testify. *Id.*, PageID 146. The Government produced those statements for the Court's *in camera* consideration. After review, the Court holds that the statements do not relate to Lancaster, so no Sixth Amendment concerns are present. His Motion for Severance based on the Sixth Amendment is **DENIED**. (ECF No. 50.)

### IV. CONCLUSION

Lancaster's Motion to Sever and request for hearing are **DENIED**. (ECF No. 50.)

**IT IS SO ORDERED**.

> s/Sarah D. Morrison
> **SARAH D. MORRISON**
> **UNITED STATES DISTRICT JUDGE**